UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONNA ROMANELLI,                                :
                                                :
                              Plaintiff,        :
                                                :           **SUMMARY ORDER**
            -against-                           :           11-cv-04908 (DLI)
                                                :
ANDREW SAUL,[1]                                 :
Commissioner of Social Security,                :
                                                :
                              Defendant.        :
----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On November 24, 2015, Christopher D. Latham ("Counsel"), counsel to Plaintiff Donna Romanelli ("Plaintiff") in this action, filed the instant motion pursuant to Section 206(b)(1) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b)(1), for an award of attorney's fees in the amount of $5,329.48. *See*, *generally*, Notice of Mot. for Atty.'s Fees, Dkt. Entry No. 17; Mem. of Law in Supp. of the Mot. ("Fee Mot."), Dkt. Entry No. 18. The Commissioner of Social Security ("the Commissioner" or "Defendant") opposes the motion. *See*, Def.'s Resp. to Pl.'s Counsel's Pet. for Atty.'s Fees ("Resp."), Dkt. Entry No. 19. For the reasons set forth below, the motion is granted in part and Counsel shall receive an award of attorney's fees totaling $1,567.48, the amount under § 406(b) reduced by the amount Counsel would have received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case and, thus, only those facts necessary to the discussion shall be set forth herein. Pursuant to a fee agreement dated January 5, 2010, Plaintiff retained Counsel to represent her in pursuit of her disability

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of Social Security. Therefore, the Court has substituted him as the named Defendant pursuant to Federal Rule of Civil Procedure 25(d).

insurance benefits under the SSA. *See*, Ex. 5 to Fee Mot., Dkt. Entry No. 18. Plaintiff and Counsel agreed that the fee agreement "will not apply if an appeal of an Unfavorable or Partially Favorable Decision is made to the Appeals Council, or if the Appeals Council exercises review on its own motion." *Id.*

On October 11, 2011, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of her benefits. *See*, Dkt. Entry No. 1. On March 26, 2013, this Court granted Plaintiff's motion for judgment on the pleadings and remanded the case for further administrative proceedings. *See*, Dkt. Entry No. 15. Upon further remand from Appeals Council, by a decision dated June 3, 2015, Administrative Law Judge Andrew April M. Wexler (the "ALJ") concluded that Plaintiff was fully eligible for benefits. *See*, Ex. 1 to Fee Mot., Dkt. Entry No. 18, at 1-2, 5. The ALJ did not approve the fee agreement between Plaintiff and Counsel because the agreement "provide[d] for the filing of a Fee Petition if there is an appeal of an unfavorable decision." *Id.* at 3.

On July 5, 2015, the Social Security Administration (the "Administration") issued a Notice of Award, advising Plaintiff that it was withholding $15,229.48, 25% of her past due benefits, "in case [the Administration] need[s] to pay [her] representative." *See*, Ex. 2 to Fee Mot., Dkt. Entry No. 18, at 3. Thereafter, the Administration issued an "Authorization to Charge and Collect Fee," awarding Counsel an amount of $9,900.00 "for services provided to the claimant and auxiliaries, if any, for proceedings before the [Administration]." Ex. 3 to Fee Mot., Dkt. Entry No. 18, at 1. Then, on October 16, 2015, the Administration informed Counsel that it was withholding an amount of $5,329,48, "which represents the balance of the 25 percent of the past-due benefits for [Plaintiff] in anticipation of direct payment of an authorized attorneys' fees," pending possible fee application to this Court. Ex. 4 to Fee Mot., Dkt. Entry No. 18.

On November 24, 2015, Counsel filed the instant motion, seeking an award of $5,329.48, the remaining balance of the 25% of past due benefits. *See*, Fee Mot. at 1. Defendant opposed the motion, contending that the attorney's fees here must be reduced by the amount Counsel would have received under EAJA. *See*, Resp. at 4.

## DISCUSSION

A district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b)(1)(A). In this case, there is no applicable contingency fee arrangement. *See*, Ex. 1 to Fee Mot. at 3; *See also*, Fee Mot. at 3. Regardless, § 406(b) requires courts to determine whether the amount of the requested attorney's fee is reasonable. *See*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *See also*, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (citations omitted). In determining whether a fee is unreasonable, courts consider numerous factors including: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells*, 907 F.2d at 372).

In this case, Counsel never sought nor received attorney's fees pursuant to EAJA. *See*, Fee Mot. at 2. "While an attorney is by no means required to apply for EAJA fees in every case, his failure to do so in certain cases may bear on the reasonableness of any future fee he requests under the SSA. This is because the result obtained for his client may directly suffer when a lawyer seeks only SSA fees when he should have but did not apply for EAJA fees." *Gallo v. Astrue*, 2011 WL 5409619, at *2 (E.D.N.Y Nov. 8, 2011) (citing *Losco v. Bowen*, 638 F. Supp. 1262, 1266 (S.D.N.Y.

3

1986). "Where an EAJA application would have succeeded, each dollar that would have awarded under the EAJA (up to the amount requested under the SSA) is a dollar the claimant should receive but does not. And when a lawyer fails to seek the best possible results for his client, this raises questions about the abilities and priorities of the attorney, thus reflecting negatively on the quality of the representation provided." *Id.*

Courts of this Circuit consistently have held that counsel is not permitted to obtain a bonus by foregoing the opportunity to seek fees under the EAJA. *See*, *Losco*, 638 F. Supp. at 1268 ("Having foregone an opportunity to seek fees from the Secretary under the EAJA, counsel will not be permitted to obtain a bonus for that shortcoming in the form of a premium fee deducted from his client's past-due benefits."); *See also*, *Trivelli v. Astrue*, 2010 WL 5477828, at *4 (E.D.N.Y. Nov. 15, 2010) *report and recommendation adopted sub nom. Trivelli v. Acting Comm'r of Soc. Sec.*, 2010 WL 5476992 (E.D.N.Y. Dec. 30, 2010) ("where counsel failed to apply for EAJA fees, 'the client should [not] shoulder the financial burden of the lost EAJA fees'") (quoting *Iliceto v. Sec'y of Dep't of Health & Hum. Servs.*, 1990 WL 186254 at *2 (E.D.N.Y. Nov. 14, 1990)).

The Court finds that the reasonable fee in this case is the amount under § 406(b) reduced by the amount Counsel would have received under EAJA. *See*, *Trivelli*, 2010 WL 5477828, at *2 ("When a fee request is deemed unreasonable because counsel failed to seek an EAJA award, the court reviewing the fee request may reduce the award by the amount that would have been awarded under the EAJA.") (citing *Iliceto* 1990 WL 186254 at *2). "Unlike an award under 42 U.S.C. § 406(b), the EAJA fee is calculated by multiplying the number of hours plaintiff's attorney claims he worked at the court level by the standard EAJA hourly award rate." *Id.* at *2. "Here, the EAJA rate of $190 per hour, based on the Consumer Price Index for New York City in 2012, for the 19.8

4

hours spent on the case, totals $3,762.00." Resp. at 4 (citing 49 C.F.R. § 826.6); *See also*, Ex. 6 to Fee Mot., Dkt. Entry No. 18. Therefore, Counsel's § 406(b) fee of $5,329.48 should be reduced by $3,762.00, resulting in the final attorney's fee of $1,567.48.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorney's fees is granted in part and Counsel is awarded $1,567.48 pursuant to 42 U.S.C. § 406(b).

SO ORDERED.

Dated: Brooklyn, New York
       June 10, 2021

                                                            /s/
                                          DORA L. IRIZARRY
                                   United States District Judge